IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| ANGELA (Thompson) JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 118-010 |
| | ) | |
| ANDREW SAUL, Commissioner of Social | ) | |
| Security Administration,[1] | ) | |
| | ) | |
| Defendant. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is Plaintiff's motion for attorneys' fees pursuant to the Equal Access to Justice Act ("EAJA"). (Doc. no. 19.) For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Plaintiff's motion for attorneys' fees be **GRANTED IN PART**, and Plaintiff be **AWARDED** attorneys' fees in the amount of $7,460.08.

**I.   DISCUSSION**

On February 25, 2019, Chief United States District Judge J. Randal Hall granted a reversal and remand pursuant to sentence four of 42 U.S.C. § 405(g) and judgment was entered in Plaintiff's favor. (Doc. nos. 15, 17, 18.) Plaintiff now requests $16,586.21 in attorneys' fees for 82.28 hours of representation, consisting of 10.3 hours, including fee briefing, from Charles L. Martin, and 71.98 hours from Denise Sarnoff. (Doc. no. 19-3, p. 3; doc. no. 21, p. 7.) The Commissioner argues for a twenty-five hour reduction of the total

---

[1] Pursuant to Fed. R. Civ. P. 25(d), the Court **DIRECTS** the **CLERK** to substitute Andrew Saul, Commissioner of Social Security Administration, as the proper Defendant.

hours claimed because they are excessive, particularly in light of "duplicative, clerical, and unnecessary" tasks for which counsel seeks reimbursement. (See doc. no. 20.)

Surprisingly, neither Plaintiff nor the Commissioner acknowledges the prior rulings of this Court that Ms. Sarnoff, an attorney not admitted to practice law in this District, not licensed to practice law in Georgia, and not admitted *pro hac vice*, should be compensated at a paralegal rate. See Heard v. Berryhill, CV 117-113, doc. nos. 24, 28 (S.D. Ga. Mar. 20, 2019), *appeal docketed*, No. 19-11946 (11th Cir. May 17, 2019); Callaway v. Berryhill, CV 115-166, doc. nos. 26, 31, 36 (S.D. Ga. Feb. 13, 2019), *appeal docketed*, No. 19-11417 (11th Cir. Apr. 12, 2019).[2] The Court should order Mr. Martin that, in the future, he shall not file a fee petition in the Southern District requesting compensation for Ms. Sarnoff without acknowledging the Court's rulings paralegal rates apply and providing a calculation of her time at paralegal rates. Mr. Martin's duty of candor to the Court requires nothing less, and the only event that would excuse him from such a duty is reversal of the Court's prior rulings by the Eleventh Circuit.

### A.     Ms. Sarnoff Is Entitled to Compensation at Paralegal Rates

The EAJA provides that "a court shall award to a prevailing party, other than the United States, fees and other expenses, in addition to any costs awarded . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). A district court can reduce EAJA fees for attorneys who are not members of the court's bar, and do not move for *pro hac vice* admission. See Zech v. Comm'r of Soc. Sec., 680 F. App'x 858, 859-60 (11th Cir. 2017) (*per curiam*) (finding no abuse of discretion in reducing compensation rates of

---

[2] The Eleventh Circuit consolidated the appeals. See Callaway, No. 19-11417, *slip op*. at 1 (11th Cir. June 18, 2019).

two attorneys to paralegal rates because attorneys were not admitted to bar of court and did not move for *pro hac vice* admission despite existence of Local Rules containing requirements for appearing and participating in cases); Heard, CV 117-113, 2019 WL 1292299 (S.D. Ga. Mar. 20, 2019) (applying paralegal rate to services of non-admitted attorney) (Hall, C.J.); Callaway, CV 115-166, 2017 WL 10821425, *treated as Report and Recommendation and adopted by*, 2019 WL 591461 (S.D. Ga. Feb. 13, 2019) (Hall, C.J.) (same); see also Zabala v. Comm'r of Soc. Sec., No. 6:17cv-628, 2018 WL 6589837, at *2 (M.D. Fla. Dec. 14, 2018) (collecting cases supporting application of "paralegal rate to services of non-admitted attorney in cases, where, as here, admission was never sought"). The district court retains discretion to award compensation within a wide range of permissible options. Zech, 680 F. App'x at 860.

      Here, the only attorney of record for Plaintiff is Mr. Martin. As Ms. Sarnoff is an attorney not admitted to practice law in this District, not licensed to practice law in Georgia, and not admitted *pro hac vice*, the Court exercises its discretion to recommend compensation at a paralegal rate. The rate at which paralegal services are to be compensated must be in line with "prevailing market rates." See Richlin Sec. Serv. Co. v. Chertoff, 553 U.S. 571, 590 (2008). The Court therefore applies a $75.00 hourly rate for paralegal services, an amount found to be reasonable in this Circuit. See Heard, 2019 WL 1292299, at *1; Callaway, 2019 WL 591461, at *1; Zabala, 2018 WL 6589837, at *2. However, as the type of work, amount of work, and time spent is consistent with paralegal work, the Court declines to reduce Ms. Sarnoff's hours as requested by the Commissioner based on preparation of a medical index and redundancy of attorney work. Stated otherwise, while the hours claimed by Ms. Sarnoff might be considered excessive for work performed by an

3

attorney, they are not for work performed by a paralegal.

Accordingly, the Court recommends granting in part Plaintiff's motion (doc. no. 19), and awarding attorneys' fees in the amount of $7,460.08, based on the following:

Mr. Martin-    $2,061.58

>    6.7 hours @ $198.99
>    3.1 hours @ $202.30
>    0.5 hours @ $202.43

Ms. Sarnoff-   $5,398.50

>    71.98 hours @ $75.00.

**B.    The Fees Are Payable to Plaintiff**

In Astrue v. Ratliff, 560 U.S. 586, 589 (2010), the Supreme Court held, based on the "plain text" of 28 U.S.C. § 2412(d), that an EAJA award "is payable to the litigant and is therefore subject to a Government offset to satisfy a pre-existing debt that the litigant owes the United States." Based on Ratliff, the proper course is to "award the EAJA fees directly to Plaintiff as the prevailing party and remain silent regarding the direction of payment of those fees." Bostic v. Comm'r of Soc. Sec., 858 F. Supp. 2d 1301, 1306 (M.D. Fla. 2011). Indeed, this approach has been followed in this District. See Shank v. Berryhill, CV 116-030, doc. no. 20 (S.D. Ga. May 24, 2017) (awarding EAJA fees to plaintiff without directing payment to counsel despite plaintiff's assignment of award to counsel); Brown v. Astrue, CV 411-152, doc. no. 24 (S.D. Ga. Mar. 4, 2013) (same); Scott v. Colvin, CV 313-004, doc. no. 26 (S.D. Ga. Nov. 11, 2013) (same).

In accord with this practice, the Court recommends awarding the EAJA fees to Plaintiff, subject to offset by any debt owed by Plaintiff to the United States. The Court leaves it "to the discretion of the government to accept Plaintiff's assignment of EAJA Fees

and pay fees directly to Plaintiff['s] counsel after a determination that Plaintiff does not owe a federal debt." Bostic, 858 F. Supp. 2d at 1306; see also Robinson v. Comm'r of Soc. Sec., No. 8:13-CV-2073-T-23TGW, 2015 WL 176027, at *1 (M.D. Fla. Jan. 13, 2015) (allowing EAJA fees "to be paid by virtue of a fee assignment, to plaintiff's counsel by the defendant if the plaintiff does not owe a debt to the United States Department of the Treasury"); Griffin v. Astrue, No. 1:10cv115, 2010 WL 5211548, at *3 (W.D.N.C. Dec. 16, 2010) ("There is nothing in Ratliff to indicate that it is intended to divest the government of its discretion to enter into direct payment arrangements where there is no debt to the government or where funds remain after satisfaction of such debt.").

## II. CONCLUSION

Accordingly, the Court **REPORTS** and **RECOMMENDS** Plaintiff's motion for attorneys' fees be **GRANTED IN PART**, (doc. no. 19), Plaintiff be **AWARDED** attorneys' fees in the amount of $7,460.08, and Mr. Martin be **ORDERED** not to file a fee petition in the Southern District requesting compensation for Ms. Sarnoff without acknowledging paralegal rates apply and providing a calculation of her time at paralegal rates, excepting only a reversal of the Court's prior rulings by the Eleventh Circuit.

SO REPORTED and RECOMMENDED this 1st day of July, 2019, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA